PETER WILKERSON *v.* S. S. MAYFIELD et al.

The act of Congress of 1841, § 12, prohibits the assignment or transfer of their claims by persons obtaining rights as preëmptors under its provisions, until after a patent has been issued. By the express words of this section, such assignments are declared to be " null and void." 5 U. S. Stat. Law, 456.

Where a party transfers land as his own, the title to which the law declares to be null and void; the party who takes such transfer receives no better title or greater right than he possessed who made the transfer.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The opinion of the court contains the facts of the case.

*F. Anderson* for appellant.·

*A. H. Handy* for appellee.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a bill filed in the superior court of chancery, to procure a conveyance of the legal title to certain land, from the heirs of George Mayfield, to whom a patent for the same land had issued from the United States. The complainant based his right to relief upon certificates of entry of prior date to the patent.

It appears from the allegations and proofs, that Phillips and Murphy entered the land in controversy in the land-office of Grenada, on the 9th of May, 1846, as preëmptors under the provisions of the statute passed by Congress in 1841, " to appropriate the proceeds of the sales of public lands, &c., and to grant preëmption rights." In 1846, soon after the entries were made by Phillips and Murphy, they conveyed the land, severally claimed by them as preëmptors, to Lyman Webster; who, on the 14th of July, 1842, conveyed all of the lands thus purchased' to the complainant. No patent was ever issued to Phillips and Murphy, or their assigneés. But congress, on the 22d of May, 1846, passed an act for the relief of the said Mayfield, by which

it was provided that a patent should issue to him for certain tracts of land, including the lands which had been previously entered by Phillips and Murphy. And pursuant to said act, a patent was issued to Mayfield at the date of the 26th of May, 1846.

It was alleged in the bill that Mayfield procured the passage of the act of Congress referred to, by fraud and collusion. The alleged fraud was denied in the answer, and there was not the semblance of proof offered to sustain the charge.

Upon the final hearing the bill was dismissed; and an appeal was taken to this court.

The twelfth section of the statute of Congress passed in 1841, above referred to, prohibits the assignment or transfer of their claims, by persons obtaining rights as preëmptors, under its provisions, until after a patent has issued. By the express words of this section, such assignments or transfers are declared to be "null and void." 5 U. S. Stat. at Large, 456. The deeds of conveyance, therefore, by which Phillips and Murphy attempted to transfer the lands to Webster, did not vest in him any title whatever, either at law or in equity. As Webster's vendee, the complainant acquired no better title or greater right than Webster possessed. He stood precisely in the same attitude, claiming title to the land in virtue of a transfer which the statute declared to be null and void. Hence, whatever may have been the equitable rights of Phillips and Murphy arising out of their respective entries, before they conveyed to Webster, the bill was properly dismissed.

Let the decree be affirmed.

HANDY, J., having been of counsel, took no part in the decision of this case.